# EXHIBIT A

Electronically Issued
4/11/2022 9:57 AM

1   SUMM
    **Gina M. Corena, Esq.**
2   Nevada Bar No. 10330
    gina@lawofficecorena.com
3   **Mahna Pourshaban, Esq.**
    Nevada Bar No. 13743
4   betsy@lawofficecorena.com
5   **GINA CORENA & ASSOCIATES**
    300 S. Fourth Street, Suite 1250
6   Las Vegas, Nevada 89101
    Telephone: (702) 680-1111
7   Facsimile: (888) 987-6507
    *Attorneys for Plaintiff*
8                                          **DISTRICT COURT**

9                                    **CLARK COUNTY, NEVADA**

10  TATIANA MARTINEZ SANTALLA, an          CASE NO. A-22-850979-C
    individual,
11                                         DEPT. NO.
12          Plaintiff,
                                           **SUMMONS-CIVIL**
13  v.

14  99 CENTS ONLY STORES LLC; KARLA
    LNU; DOE PROPERTY OWNER I-V;
15  ROE PROPERTY OWNER I-V; DOE
    JANITORIAL EMPLOYEE I-V; ROE
16  JANITORIAL COMPANY I-V; ROE
    MAINTENANCE COMPANY I-V; ROE
17  PROPERTY MANAGEMENT COMPANY
    IV; DOE MAINTENANCE WORKER I-V;
18  DOE PROPERTY MANAGER I-V; DOE
    EMPLOYER I-V; ROE EMPLOYER I-V;
19  and ROE COMPANIES I-V, inclusive,
    jointly and severally,
20
21          Defendants.

22                             **99 CENTS ONLY STORES LLC**
                                  **701 S. Carson St. Ste. 200**
23                                 **Carson City, Nevada 89701**
24
25  NOTICE!   YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU
    WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.
26  **READ THE INFORMATION BELOW.**

27  **TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for

28  the relief set forth in the Complaint.

                                            1

1.  · If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

    (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

    (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2.  Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.  If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.  The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

*/s/ Mahna Pourshaban*
**Gina M. Corena, Esq.**
Nevada Bar No. 10330
**Mahna Pourshaban, Esq.**
Nevada Bar No. 12980
**GINA CORENA & ASSOCIATES**
300 S. Fourth Street, Suite 1250
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

By: _____

Deputy Clerk       Date

4/11/2022

**Demond Palmer**

2

Electronically Filed
4/11/2022 9:56 AM
Steven D. Grierson
CLERK OF THE COURT

1   **COMJD**
   **Gina M. Corena, Esq.**
2   Nevada Bar No. 10330
   gina@lawofficecorena.com
3   **Mahna Pourshaban, Esq.**
   Nevada Bar No. 13743
4   betsy@lawofficecorena.com
5   **GINA CORENA & ASSOCIATES**
   300 S. Fourth Street, Suite 1250
6   Las Vegas, Nevada 89101
   Telephone: (702) 680-1111
7   Facsimile: (888) 987-6507
   *Attorneys for Plaintiff*
8

CASE NO: A-22-850979-C
Department 8

9

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

10   TATIANA MARTINEZ SANTALLA, an
    individual,
11
                                        CASE NO.
12                  Plaintiff,          DEPT. NO.

13   v.                                 **PLAINTIFF'S COMPLAINT AND**
                                        **DEMAND FOR JURY TRIAL**
14   99 CENTS ONLY STORES LLC; KARLA
    LNU; DOE PROPERTY OWNER I-V;
15   ROE PROPERTY OWNER I-V; DOE
    JANITORIAL EMPLOYEE I-V; ROE
16   JANITORIAL COMPANY I-V; ROE
    MAINTENANCE COMPANY I-V; ROE
17   PROPERTY MANAGEMENT COMPANY
    IV; DOE MAINTENANCE WORKER I-V;
18   DOE PROPERTY MANAGER I-V; DOE
    EMPLOYER I-V; ROE EMPLOYER I-V;
19   and ROE COMPANIES I-V, inclusive,
    jointly and severally,
20
21                  Defendants.
22
23        COMES NOW the Plaintiff TATIANA MARTINEZ SANTALLA by and through her

24   attorney Mahna Pourshaban, Esq., of the Law Offices of GINA CORENA & ASSOCIATES and

25   for causes of action against the Defendants, 99 CENTS ONLY STORES LLC; KARLA LNU;

26   DOE PROPERTY OWNER I-V; ROE PROPERTY OWNER I-V; DOE JANITORIAL

27   EMPLOYEE I-V; ROE JANITORIAL COMPANY I-V; ROE MAINTENANCE COMPANY I-

28   V; ROE PROPERTY MANAGEMENT COMPANY IV; DOE MAINTENANCE WORKER I-

1

V; DOE PROPERTY MANAGER I-V; DOE EMPLOYEE I-V; ROE EMPLOYER I-V; and ROE COMPANIES I-V, inclusive, and jointly and severally, alleges as follows:

## GENERAL ALLEGATIONS

1.     That at all times relevant hereto, Plaintiff, TATIANA MARTINEZ SANTALLA (hereinafter "PLAINTIFF" and/or "TATIANA"), was and is a resident of Clark County, State of Nevada, and that the events as described herein occurred in Clark County, Nevada.

2.     That upon information and belief, that at all times relevant to this action, the Defendant 99 CENTS ONLY STORES LLC (hereinafter "DEFENDANTS" and/or "DEFENDANT 99 CENTS") is and was a Foreign Limited Liability Company doing business in Clark County, Nevada.

3.     That at all times relevant hereto, Defendant, KARLA LNU (hereinafter "DEFENDANTS" and/or "KARLA"), was and is a resident of Clark County, State of Nevada, and that the events as described herein occurred in Clark County, Nevada.

4.     That upon information and belief DEFENDANTS DOE PROPERTY OWNER and/or ROE PROPERTY OWNER is and were the owner of the property located at 4910 E. Tropicana Ave., Las Vegas, Nevada 89121 (hereinafter "The Property") and is and were a resident of Clark County, Nevada and/or a business operating in Clark County, Nevada.

5.     That upon information and belief, at all relevant times to this action DEFENDANT ROE EMPLOYER was an entity doing business in the State of Nevada and was employing Defendants, and each of them.

6.     That upon information and belief, at all times relevant to this action, DEFENDANT DOE EMPLOYEE and/or DEFENDANT DOE MAINTENANCE EMPLOYEE and/or DEFENDANT DOE JANITORIAL EMPLOYEE (hereinafter referred to as "DEFENDANT DOE EMPLOYEE") was acting on behalf of DEFENDANTS.

7.     That the true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants, DOES I through V, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of Defendants designated herein as DOE is responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged, and

2

1  that Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and
2  capacities of DOES I through V when the same have been ascertained and to join such
3  Defendants in this action.

4      8.    PLAINTIFF is informed and believes and thereon alleges that each of Defendants
5  designated herein as ROE ENTITIES I-V are responsible in some manner for the events and
6  happenings referred to and caused damages proximately to PLAINTIFF as herein alleged, and
7  that PLAINTIFF will ask leave of this Court to amend this Complaint to insert the true names
8  and capacities of ROE ENTITIES I through V when the same have been ascertained and to join
9  such defendants in this action.

10      9.    Plaintiff is informed, believe and thereupon allege that the Defendants designated
11  herein as DOES I through V and/or ROE ENTITIES I through V, inclusive, are any one of the
12  following:

13      (a) Parties responsible in some manner for the events and happenings herein referred to that
       caused injuries and damages proximately thereby to Plaintiff as herein alleged;

14      (b) Parties that are the agents, servants, employees and/or contractors of the Defendants, each
       of them acting within the course and scope of their agency, employment or contract;

15      (c) Parties that own, lease, manage, operate, secure, inspect, repair, maintain and/or are
16      responsible for the Premises referred to herein;

17      (d) Parties that have assumed or retained the liabilities of any of Defendants by virtue of an
18      agreement, sale, transfer or otherwise; and/or

19      (e) Parties responsible for the design, manufacture, and/or installation of the flooring of the
20      Premises at issue herein.

21      10.   That the true names and capacities, whether individual, corporate, partnership, associate
22  or otherwise, of Defendants DOE PROPERTY OWNER I through V are unknown to
23  PLAINTIFF, who therefore sues said Defendants by such fictitious names.

24      11.   That the true names and capacities, whether individual, corporate, partnership, associate
25  or otherwise, of Defendants ROE MAINTENANCE COMPANY I through V are unknown to
26  PLAINTIFF, who therefore sues said Defendants by such fictitious names.

27

28

3

12. That the true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants ROE PROPERTY MANAGEMENT COMPANY I through V are unknown to PLAINTIFF, who therefore sues said Defendants by such fictitious names.

13. That the true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants DOE MAINTENANCE WORKER I through V are unknown to PLAINTIFF, who therefore sues said Defendants by such fictitious names.

14. That the true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants DOE PROPERTY MANAGER I through V are unknown to PLAINTIFF, who therefore sues said Defendants by such fictitious names.

15. On or about August 5, 2021, PLAINTIFF, while a guest at The Property, was walking when PLAINTIFF suddenly and unexpectedly slipped and fell onto the floor of The Property due to an unknown liquid and/or other slippery substance(s) being on the floor in the walkway.

16. Defendants, and each of them, negligently and carelessly owned, maintained, operated, occupied, and controlled said premises so as to cause and allow the unknown liquid and/or other slippery substance(s) to be on the walkway in an area intended for use by customers and invitees of Defendants, and Defendants knew that this area was commonly and regularly used by customers and invitees of Defendants.

17. Defendants, and each of them, negligently and carelessly permitted, allowed and caused said unsafe condition to remain even though Defendants knew, or through the exercise of ordinary care and diligence should have known, that the condition was present and that it was hazardous and dangerous.

18. Defendants, and each of them, negligently and carelessly failed to maintain the aforesaid premises in a reasonably safe condition, free of hazardous and dangerous conditions; and failed to warn Plaintiff of said condition.

19. Defendants, and each of them, breached a duty of care that they owed to Plaintiff, by the following careless and negligent acts, inter alia:

a. Failure to provide a safe premises for Plaintiff to traverse, which was that location's intended purpose;

4

b. Failure to warn Plaintiff of the dangerous and hazardous condition then and there existing in said premises;

c. Failure to properly and adequately inspect said premises to discover the hazardous and dangerous condition; d. Violations of certain statutes, ordinances and building codes, which Plaintiff prays leave of Court to insert the exact statutes or ordinances or codes at the time of the trial.

20.   As a direct and proximate result of the negligence and carelessness of Defendants, and each of them, Plaintiff has been caused to incur medical expenses, and will in the future be caused to expend monies for medical expenses and additional monies for miscellaneous expenses incidental thereto, in a sum presently unascertainable. Plaintiff will pray leave of Court to insert the total amount of the medical and miscellaneous expenses when the same have been fully determined at the time of trial of this action.

21.   That as a result of the fall, PLAINTIFF suffered damages in excess of $15,000.00.

## FIRST CAUSE OF ACTION

### (Negligence as to All Defendants)

22.   Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 21 as fully set forth herein.

23.   That on or about August 5, 2021, PLAINTIFF was at The Property, which is and was owned and/or operated by Defendant 99 CENTS and/or Defendant DOE PROPERTY OWNER I-V and/or Defendant ROE PROPERTY OWNER I-V.

24.   That at that time and place, PLAINTIFF slipped and fell on a foreign substance on the ground of The Property owned and operated by Defendants.

25.   That upon information and belief, and at all times relevant to this action, Defendant 99 CENTS and/or Defendant KARLA LNU and/or Defendant DOE PROPERTY OWNER I-V and/or Defendant ROE PROPERTY OWNER I-V and/or Defendant DOE JANITORIAL EMPLOYEE I-V and/or Defendant ROE JANITORIAL COMPANY I-V and/or Defendant ROE MAINTENANCE COMPANY I-V and/or Defendant ROE PROPERTY MANAGEMENT COMPANY IV and/or Defendant DOE MAINTENANCE WORKER I-V and/or Defendant DOE PROPERTY MANAGER I-V and/or Defendant DOE EMPLOYEE I-V and/or Defendant

5

1    ROE EMPLOYER I-V and/or Defendant and ROE COMPANIES I-V, and each of them, were

2    the owners or lessees and occupied, operated, maintained, managed, and controlled those

3    premises located at 4910 E. Tropicana Ave., Las Vegas, Nevada 89121 wherein it actively

4    conducted business at said location.

5       26.    That upon information and belief, and at all times relevant to this action, Defendant

6    KARLA and/or DOE STORE MANAGER was and is the manager of the business that operated

7    on the premises located at 4910 E. Tropicana Ave., Las Vegas, Nevada 89121 and was

8    responsible for ensuring the promises was safe and free of hazards for its patrons, including

9    PLAINTIFF.

10      27.    That on or about the August 5, 2021 and for some time prior thereto, Defendants, and

11   each of them (by and through their authorized agents, servants, and employees, acting within the

12   course and scope of their employment), negligently and carelessly owned, maintained, operated,

13   occupied, managed, and controlled the said premises, located at 4910 E. Tropicana Ave., Las

14   Vegas, Nevada 89121, and did cause and/or allow a foreign substance to remain in an unsafe

15   manner on the floor in the walkway and did not maintain said floor which caused an

     unreasonably dangerous condition, thus, making the premises hazardous and dangerous to

16   anyone walking in said area and more particularly to PLAINTIFF.

17      28.    That on or about the August 5, 2021, and for some time prior thereto, Defendants, and

18   each of them (by and through their authorized agents, servants, and employees, acting within the

19   course and scope of their employment), negligently and carelessly owned, maintained, operated,

20   occupied, managed, and controlled the said premises, located at 4910 E. Tropicana Ave., Las

21   Vegas, Nevada 89121 in that they maintained the area in such a manner that it presented a

22   dangerous and hazardous condition in an area intended for the use and commonly and regularly

23   used by customers and invitees of the said DEFENDANTS and more particularly to

24   PLAINTIFF.

25      29.    That on or about the August 5, 2021, and for some time prior thereto, Defendants, and

26   each of them (by and through their authorized agents, servants, and employees, acting within the

27   course and scope of their employment), negligently and carelessly owned, maintained, operated,

28   occupied, managed, and controlled the said premises, located at 4910 E. Tropicana Ave., Las

6

1    Vegas, Nevada 89121, in that said Defendants permitted, allowed and/or caused said unsafe

2    condition to remain even though Defendants, and each of them (by and through their authorized

3    agents, servants, and employees, acting within the course and scope of their employment), knew

4    or, through the exercise of ordinary care and diligence, should have known, that leaving foreign

5    substances to remain on the floor in an unsafe manner and creates a defective and dangerous

6    condition for anyone walking in the area.

7        30.   That DEFENDANTS, and each of them (by and through their authorized agents,

8    servants, and employees, acting within the course and scope of their employment), failed to

9    maintain the aforesaid premises in a reasonably safe condition; and that said DEFENDANTS,

10   and each of them, negligently, carelessly and recklessly failed to inspect, maintain, clean,

11   remedy, and/or correct the said condition, or warn PLAINTIFF, of the defect therein.

12       31.   At all times herein concerned or relevant to this action, Defendants, and each of them,

13   acted by and through their duly authorized agents, servants, workmen and/or employees then and

14   there acting within the course of their employment and scope of their authority of Defendant 99

15   CENTS  and/or Defendant KARLA LNU and/or Defendant DOE PROPERTY OWNER I-V

16   and/or Defendant ROE PROPERTY OWNER I-V and/or Defendant DOE JANITORIAL

17   EMPLOYEE I-V and/or Defendant ROE JANITORIAL COMPANY I-V and/or Defendant ROE

18   MAINTENANCE COMPANY I-V and/or Defendant ROE PROPERTY MANAGEMENT

19   COMPANY IV and/or Defendant DOE MAINTENANCE WORKER I-V and/or Defendant

20   DOE PROPERTY MANAGER I-V and/or Defendant DOE EMPLOYEE I-V and/or Defendant

21   ROE EMPLOYER I-V and/or Defendant and ROE COMPANIES I-V, and each of them.

22       32.   That the carelessness and negligence of the DEFENDANTS, and each of them, in

23   breaching a duty owed to PLAINTIFF, which directly and proximately caused the injuries and

24   damages to PLAINTIFF, consisting in and of, but not limited to, the following acts, to-wit:

25       (a) Failure to provide a safe premise for PLAINTIFF;

26       (b) Failure to warn PLAINTIFF, of the dangerous and hazardous condition then and there

27   existing in said premise;

28       (c) Failure to properly and adequately inspect the said dangerous condition in

     DEFENDANTS' walkway(s) to ascertain its hazardous and dangerous condition;

GINA CORENA

7

(d) Failure to properly and adequately maintain the DEFENDANTS' walkway(s);

(e) DEFENDANTS, and each of them, had, or should have had, knowledge or notice of the existence of the said dangerous and defective condition which existed on said premises.

33.   DEFENDANTS, and each of them, have violated certain statutes, ordinances and building codes, which PLAINTIFF prays leave of Court to insert the exact statutes or ordinances or codes at the time of the trial.

34.   That on or about August 5, 2021, PLAINTIFF, while lawfully upon said premises of Defendants, and each of them, as a direct and proximate result of the negligence and carelessness of Defendants, and each of them, was caused to suffer the injuries and damages hereinafter set forth when PLAINTIFF fell and suffered injuries and damages as hereinafter more particularly alleged.

35.   By reason of the premises and as a direct and proximate result of the aforesaid negligence and carelessness of the DEFENDANTS, and each of them, PLAINTIFF was otherwise injured in and about the head and neck, back, shoulders, arms, legs, knees, and caused to suffer great pain of body and mind, all or some of the same are chronic conditions which may result in permanent disability and are disabling, all to PLAINTIFF's damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

36.   By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of the DEFENDANTS, and each of them, PLAINTIFF has been caused to incur medical expenses, and will in the future be caused to expend monies for medical expenses and additional monies for miscellaneous expenses incidental thereto, in a sum presently unascertainable. PLAINTIFF will pray leave of Court to insert the total amount of the medical and miscellaneous expenses when the same have been fully determined at the time of the trial for this action.

37.   Prior to the injuries complained of herein, PLAINTIFF was an able-bodied individual, capable of engaging in all activities for which she was otherwise suited. By reason of the condition of the premises described herein, and as a direct and proximate result of the negligence of the said Defendants, and each of them, PLAINTIFF was caused to be disabled and limited and restricted in PLAINTIFF'S occupations and activities, which caused to PLAINTIFF a loss of

8

1   wages in a presently unascertainable amount, the allegations of which PLAINTIFF prays leave

2   of Court to insert herein when the same shall be fully determined.

3                          **SECOND CAUSE OF ACTION**

4   **(Respondent Superior, Negligent Entrustment, Hiring, Training, and Supervision)**

5       38.   PLAINTIFF incorporates by this reference all of the allegations of paragraphs 1

6   through 37, above, as though completely set forth herein.

7       39.   Defendant 99 CENTS and/or Defendant KARLA LNU and/or Defendant DOE

8   PROPERTY OWNER I-V and/or Defendant ROE PROPERTY OWNER I-V and/or Defendant

9   DOE JANITORIAL EMPLOYEE I-V and/or Defendant ROE JANITORIAL COMPANY I-V

    and/or Defendant ROE MAINTENANCE COMPANY I-V and/or Defendant ROE PROPERTY

10  MANAGEMENT COMPANY IV and/or Defendant DOE PROPERTY MANAGER I-V and/or

11  Defendant ROE EMPLOYER I-V and/or Defendant and ROE COMPANIES I-V, and each of

12  them, had a duty to properly hire, train, and supervise all employees to ensure that the premises

13  mentioned hereinabove remained in a reasonably safe condition.

14      40.   That at all times pertinent hereto, Defendant 99 CENTS and/or Defendant KARLA

15  LNU and/or Defendant DOE PROPERTY OWNER I-V and/or Defendant ROE PROPERTY

16  OWNER I-V and/or Defendant DOE JANITORIAL EMPLOYEE I-V and/or Defendant ROE

17  JANITORIAL COMPANY I-V and/or Defendant ROE MAINTENANCE COMPANY I-V

18  and/or Defendant ROE PROPERTY MANAGEMENT COMPANY IV and/or Defendant DOE

19  PROPERTY MANAGER I-V and/or Defendant ROE EMPLOYER I-V and/or Defendant and

20  ROE COMPANIES I-V, and each of them, in each of his/her duties and actions as property

21  managers/maintainer and/or employees for Defendants, and each of them.

22      41.   In addition, in its/their capacity as employer, Defendant 99 CENTS and/or Defendant

23  KARLA LNU and/or Defendant DOE PROPERTY OWNER I-V and/or Defendant ROE

24  PROPERTY OWNER I-V and/or Defendant DOE JANITORIAL EMPLOYEE I-V and/or

25  Defendant ROE JANITORIAL COMPANY I-V and/or Defendant ROE MAINTENANCE

26  COMPANY I-V and/or Defendant ROE PROPERTY MANAGEMENT COMPANY IV and/or

27  Defendant DOE PROPERTY MANAGER I-V and/or Defendant ROE EMPLOYER I-V and/or

28  Defendant and ROE COMPANIES I-V, and each of them, as said Defendant(s) was/were acting

                                        9

within the course and scope of each of his/her employment with Defendant 99 CENTS and/or Defendant KARLA LNU and/or Defendant DOE PROPERTY OWNER I-V and/or Defendant ROE PROPERTY OWNER I-V and/or Defendant DOE JANITORIAL EMPLOYEE I-V and/or Defendant ROE JANITORIAL COMPANY I-V and/or Defendant ROE MAINTENANCE COMPANY I-V and/or Defendant ROE PROPERTY MANAGEMENT COMPANY IV and/or Defendant DOE PROPERTY MANAGER I-V and/or Defendant ROE EMPLOYER I-V and/or Defendant and ROE COMPANIES I-V, and each of them, at the time of the incident described herein.

42.   By reason of the premises and as a direct and proximate result of the aforesaid negligence and carelessness of the DEFENDANTS, and each of them, PLAINTIFF was otherwise injured in and about the head and neck, back, shoulders, arms, legs, knees, and caused to suffer great pain of body and mind, all or some of the same are chronic conditions which may result in permanent disability and are disabling, all to PLAINTIFF's damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

43.   By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of the DEFENDANTS, and each of them, PLAINTIFF has been caused to incur medical expenses, and will in the future be caused to expend monies for medical expenses and additional monies for miscellaneous expenses incidental thereto, in a sum presently unascertainable. PLAINTIFF will pray leave of Court to insert the total amount of the medical and miscellaneous expenses when the same have been fully determined at the time of the trial for this action.

44.   Prior to the injuries complained of herein, PLAINTIFF was an able-bodied individual, capable of engaging in all activities for which he was otherwise suited. By reason of the condition of the premises described herein, and as a direct and proximate result of the negligence of the said Defendants, and each of them, PLAINTIFF was caused to be disabled and limited and restricted in PLAINTIFF'S occupations and activities, which caused to PLAINTIFF a loss of wages in a presently unascertainable amount, the allegations of which Plaintiff prays leave of Court to insert herein when the same shall be fully determined.

/ / /

## THIRD CAUSE OF ACTION

### (PUNITIVE DAMAGES)

45.   Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 44 above.

46.   Defendants owed Plaintiff a duty to fairly evaluate Plaintiff's claim.

47.   The aforesaid misconduct of Defendants was in willful, wanton and reckless disregard of the Plaintiff's safety to such an extent as to constitute oppression, fraud, and actual malice toward the Plaintiff, thus entitling the Plaintiff to an award of punitive damages.

48.   Plaintiff alleges that Defendants acted in conscious disregard regarding its obligations to provide insurance coverage.

49.   Statutes such as NRS § 42.005 were enacted punish the wrongdoers and deter fraudulent, malicious, or oppressive conduct.

50.   As a further proximate result of the misconduct of Defendants, Plaintiff is entitled to punitive damages in an amount to be proved at trial and alleged herein in the amount in excess of $15,000.00.

51.   As a direct and proximate result of the actions of Defendants, Plaintiff has been required to retain counsel to prosecute this matter and is entitled to attorney's fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays judgment against the Defendants, and each of them, as follows:

1.     General damages sustained by Plaintiff in an amount in excess of $15,000.00.

2.     Special damages to be determined at the time of trial.

3.     Consequential damages, including attorney's fees.

4.     Expectation damages for denied policy benefits in excess of $15,000.

5.     Medical and incidental expenses already incurred and to be incurred.

6.     Lost earnings and earning capacity.

7.     Reasonable attorney's fees and costs of suit.

11

8.      Punitive damages in an amount to be determined at trial.

9.      Interest at the statutory rate; and

10.     For such other relief as the Court deems just and proper.

**DATED** this 11th day of April, 2022.

GINA CORENA & ASSOCIATES


/s/ Mahna Pourshaban
**Gina M. Corena, Esq.**
Nevada Bar No. 10330
**Mahna Pourshaban, Esq.**
Nevada Bar No. 13743
300 S. Fourth Street, Suite 1250
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

12

1  **DMJT**
   **Gina M. Corena, Esq.**
2  Nevada Bar No. 10330
   gina@lawofficecorena.com
3  **Mahna Pourshaban, Esq.**
   Nevada Bar No. 13743
4  betsy@lawofficecorena.com
5  **GINA CORENA & ASSOCIATES**
   300 S. Fourth Street, Suite 1250
6  Las Vegas, Nevada 89101
   Telephone: (702) 680-1111
7  Facsimile: (888) 987-6507
   *Attorneys for Plaintiff*
8
                              **DISTRICT COURT**
9
                           **CLARK COUNTY, NEVADA**
10
   TATIANA MARTINEZ SANTALLA, an        CASE NO.
11 individual,
                                        DEPT. NO.
12           Plaintiff,
                                        **PLAINTIFF'S DEMAND FOR JURY**
13 v.                                   **TRIAL**
14 99 CENTS ONLY STORES LLC; KARLA
   LNU; DOE PROPERTY OWNER I-V;
15 ROE PROPERTY OWNER I-V; DOE
   JANITORIAL EMPLOYEE I-V; ROE
16 JANITORIAL COMPANY I-V; ROE
   MAINTENANCE COMPANY I-V; ROE
17 PROPERTY MANAGEMENT COMPANY
   IV; DOE MAINTENANCE WORKER I-V;
18 DOE PROPERTY MANAGER I-V; DOE
   EMPLOYEE I-V; ROE EMPLOYER I-V;
19 and ROE COMPANIES I-V, inclusive,
   jointly and severally,
20
             Defendants.
21
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

                              13

## PLAINTIFF'S DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff TATIANA MARTINEZ SANTALLA, by and through her attorneys of record, Gina M. Corena, Esq. and Mahna Pourshaban, Esq. of GINA CORENA & ASSOCIATES and hereby demands a jury trial of all of the issues in the above matter.

DATED this 11ᵗʰ day of April, 2022

GINA CORENA & ASSOCIATES

/s/ Mahna Pourshaban
**Gina M. Corena, Esq.**
Nevada Bar No. 10330
**Mahna Pourshaban, Esq.**
Nevada Bar No. 13743
300 S. Fourth Street, Suite 1250
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

14

Electronically Filed
4/27/2022 1:37 PM
Steven D. Grierson
CLERK OF THE COURT

1   **ANS**
    **LEW BRANDON, JR., ESQ.**
2   Nevada Bar No. 5880
    **ANDREW GUZIK, ESQ.**
3   Nevada Bar No. 12758
    **HOMERO GONZALEZ, ESQ.**
4   Nevada Bar No. 15231
5   **BRANDON | SMERBER LAW FIRM**
    139 E. Warm Springs Road
6   Las Vegas, Nevada 89119
    (702) 380-0007
7   (702) 380-2964 – *facsimile*
    *l.brandon@bsnv.law*
8   *a.guzik@bsnv.law*
    *h.gonzalez@bsnvlaw.com*
9   *Attorneys for Defendant,*
    *99 CENTS ONLY STORES LLC*
10
11

*139 E. WARM SPRINGS RD.*
*LAS VEGAS, NEVADA 89119*
*T: 702.380.0007  |  F: 702.380.2964*

**BRANDON | SMERBER**
**LAW FIRM**

                    **DISTRICT COURT**
                **CLARK COUNTY, NEVADA**

13   TATIANA MARTINEZ SANTALLA,          CASE NO.:  A-22-850979-C
     an individually,                     DEPT. NO.: 8
14
15              Plaintiff,
16   vs.                                 **DEFENDANT, 99 CENTS ONLY**
                                          **STORES LLC'S**
17   99 CENTS ONLY STORES LLC;           **ANSWER TO PLAINTIFF'S**
     KARLA LNU; DOE PROPERTY              **COMPLAINT**
18   OWNER I-V; ROE PROPERTY
19   OWNER I-V; DOE JANITORIAL
     EMPLOYEE I-V; ROE JANITORIAL
20   COMPANY I-V; ROE
21   MAINTENANCE COMPANY I-V;
     ROE PROPERTY MANAGEMENT
22   COMPANY IV; DOE MAINTENANCE
23   WORKER I-V; DOE PROPERTY
     MANAGER I-V; DOE EMPLOYEE I-
24   V; ROE EMPLOYER I-V; and ROE
25   COMPANIES I-V, inclusive, jointly and
     severally,
26
27              Defendants.
28

                    Page 1 of 6

COMES NOW, Defendant, 99 CENTS ONLY STORES LLC., by and through its attorneys, LEW BRANDON, JR., ESQ., ANDREW GUZIK, ESQ., and HOMERO GONZALEZ, ESQ., of BRANDON | SMERBER LAW FIRM, and hereby answers Plaintiff's Complaint on file herein as follows:

1. Answering Paragraphs 1, 3, 4, 5, 6, 7, 8, 9(a)(b)(c)(d)(e), 10, 11, 12, 13, 14, 15 and 19(b) of Plaintiff's Complaint on file herein, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the said allegations and therefore denies same.

2. Answering Paragraph 2 of Plaintiff's Complaint on file herein, Defendant admits the allegations contained therein.

3. Answering Paragraphs 17, 18, 19(a)(c), 20 and 21 of Plaintiff's Complaint on file herein, Defendant denies each and every allegation contained therein. Answering Paragraphs 16 of Plaintiff's Complaint on file herein, "Defendants, and each of them, negligently and carelessly owned, maintained, operated, occupied, and controlled said premises so as to cause and allow the unknown liquid and/or other slippery substance(s) to be on the walkway in an area intended for use by customers and invitees of Defendants", Defendant denies each and every allegation contained therein. As to "Defendants knew that this area was commonly and regularly used by customers and invitees of Defendants", Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the said allegations and therefore denies same.

## FIRST CAUSE OF ACTION

### (Negligence as to All Defendants)

4. Answering Paragraph 22 of Plaintiff's Complaint on file herein, Defendant repeats and realleges each and every allegation contained in Paragraphs 1 through 21 as though fully set forth herein.

5.      Answering Paragraphs 23, 24, 25, 26, 27, 28, 29, 30, 31, 32(b) and 34, of Plaintiff's Complaint on file herein, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the said allegations and therefore denies same.

6.      Answering Paragraphs 32(a)(c)(d)(e), 33, 35, 36 and 37 of Plaintiff's Complaint on file herein, Defendant denies each and every allegation contained therein.

### SECOND CAUSE OF ACTION

7.      Answering Paragraph 38 of Plaintiff's Complaint on file herein, Defendant repeats and realleges each and every allegation contained in Paragraphs 1 through 37 as though fully set forth herein.

8.      Answering Paragraphs 39, 40 and 41 of Plaintiff's Complaint on file herein, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the said allegations and therefore denies same.

9.      Answering Paragraphs 42, 43 and 44 of Plaintiff's Complaint on file herein, Defendant denies each and every allegation contained therein.

### THIRD CAUSE OF ACTION

### (PUNITIVE DAMAGES)

10.      Answering Paragraph 45 of Plaintiff's Complaint on file herein, Defendant repeats and realleges each and every allegation contained in Paragraphs 1 through 44 as though fully set forth herein.

11.      Answering Paragraphs 46 of Plaintiff's Complaint on file herein, Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the said allegations and therefore denies same.

12.      Answering Paragraphs 47, 48, 49, 50 and 51 of Plaintiff's Complaint on file herein, Defendant denies each and every allegation contained therein.

BRANDON | SMERBER
LAW FIRM
139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

BRANDON | SMERBER
LAW FIRM

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that at the time and place alleged in Plaintiff's Complaint, Plaintiff did not exercise ordinary care, caution or prudence for the protection of herself and any damages complained of by the Plaintiff in her Complaint, were directly or proximately caused or contributed to by the fault, failure to act, carelessness and negligence of Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges that the Plaintiff assumed whatever risk or hazard existed at the time of this incident, if any there were, and was therefore responsible for the alleged damage suffered and further that the Plaintiff was guilty of negligence of her own acts which caused or contributed to by the fault, failure to act, carelessness or negligence of Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

All the risks and dangers involved in the factual situation described in Plaintiff's Complaint, if any there were, were open, obvious and known to the Plaintiff and by reason thereof, Plaintiff assumed the risks and dangers inherent thereto.

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that the negligence of the Plaintiff exceeded that of the Defendant, and that the Plaintiff is thereby barred from recovery.

### SIXTH AFFIRMATIVE DEFENSE

Pursuant to NRCP 11, as amended:  All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing

of Defendant's Answer, and therefore, Defendant reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation warrants.

## SEVENTH AFFIRMATIVE DEFENSE

The damages sustained by Plaintiff, if any, were caused by the acts of third persons who were not agents, servants or employees of this answering Defendant and who were not acting on behalf of this answering Defendant in any manner or form and as such, this Defendant is not liable in any matter to the Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant at all times relevant to the allegations contained in Plaintiff's Complaint, acted with due care and circumspection in the performance of any and all duties imposed on it.

## NINTH AFFIRMATIVE DEFENSE

That it has been necessary of the Defendant to employ the services of an attorney to defend the action and a reasonable sum should be allowed Defendant for attorney's fees, together with costs of suit incurred herein.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her alleged damages, and, to the extent of such failure to mitigate any damages awarded to Plaintiff, should be reduced accordingly.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by applicable statutes of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant objects as to authentication, foundation and genuineness of all of Plaintiff's medical providers and documents listed or presented by Plaintiff.

WHEREFORE, Defendant, 99 CENTS ONLY STORES LLC., prays as follows:

1. That Plaintiff take nothing by way of her Complaint on file herein;

BRANDON | SMERBER
LAW FIRM
139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

2. For reasonable attorney's fees and costs of suit incurred herein;

3. For such other and further relief as the Court may deem just and proper in the premises.

DATED this 27th day of April, 2022.

**BRANDON | SMERBER LAW FIRM**

*/s/ Lew Brandon, Jr., Esq.*
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
139 E. Warm Springs Road
Las Vegas, Nevada 89119
*Attorneys for Defendant,*
*99 CENTS ONLY STORES LLC*

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I hereby certify that on April 27, 2022, I served the foregoing **DEFENDANT, 99 CENTS ONLY STORES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** through the Court's ECF electronic filing system, upon the following:

**GINA M. CORENA, ESQ.**
Nevada Bar No. 10330
**MAHNA POURSHABAN, ESQ.**
Nevada Bar No. 13743
**GINA CORENA & ASSOICATES**
300 S. FOURTH STREET, SUITE 1250
Las Vegas, Nevada 89101
(702) 680-1111
Facsimile (888) 987-6507
*Gina@lawofficecorena.com*
*betsy@lawofficecorena.com*
*Attorneys for Plaintiff,*
*TATIANA MARTINEZ SANTALLA*

*/s/ Maybelline Valle*
An Employee of **BRANDON | SMERBER LAW FIRM**

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

**BRANDON | SMERBER**
**LAW FIRM**

Electronically Filed
4/27/2022 1:37 PM
Steven D. Grierson
CLERK OF THE COURT

1   **IAFD**
    **LEW BRANDON, JR., ESQ.**
2   Nevada Bar No. 5880
    **ANDREW GUZIK, ESQ.**
3   Nevada Bar No. 12758
    **HOMERO GONZALEZ, ESQ.**
4   Nevada Bar No. 15231
    **BRANDON | SMERBER LAW FIRM**
5   139 E. Warm Springs Road
    Las Vegas, Nevada 89119
6   (702) 380-0007
    (702) 380-2964 – *facsimile*
7   *l.brandon@bsnv.law*
    *a.guzik@bsnv.law*
8   *h.gonzalez@bsnvlaw.com*
    *Attorneys for Defendant,*
9   *99 CENTS ONLY STORES LLC*
10
11                          **DISTRICT COURT**
                          **CLARK COUNTY, NEVADA**
12

13  TATIANA MARTINEZ SANTALLA,  an        CASE NO.:  A-22-850979-C
    individually,                         DEPT. NO.: 8
14
15          Plaintiff,
16  vs.
17  99 CENTS ONLY STORES LLC; KARLA       **INITIAL APPEARANCE FEE**
    LNU; DOE PROPERTY OWNER I-V;          **DISCLOSURE**
18                                        **(NRS CHAPTER 19)**
    ROE PROPERTY OWNER I-V; DOE
19  JANITORIAL EMPLOYEE I-V; ROE
    JANITORIAL COMPANY I-V; ROE
20  MAINTENANCE COMPANY I-V; ROE
    PROPERTY MANAGEMENT COMPANY
21  IV; DOE MAINTENANCE WORKER I-V;
    DOE PROPERTY MANAGER I-V; DOE
22  EMPLOYEE I-V; ROE EMPLOYER I-V;
23  and ROE COMPANIES I-V, inclusive,
    jointly and severally,
24
25          Defendants.
26
27          Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for
28  parties appearing in the above-entitled action as indicated below:

Defendant 99 CENTS ONLY STORES, LLC.................................... $223.00

**TOTAL REMITTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $223.00**

DATED this 27th day of April, 2022.

**BRANDON | SMERBER LAW FIRM**

*/s/ Lew Brandon, Jr., Esq.*
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
139 E. Warm Springs Road
Las Vegas, Nevada 89119
*Attorneys for Defendant,*
*99 CENTS ONLY STORES LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Nev. R. Civ. P. 5(b), I certify that on April 27, 2022, I served a true and correct copy of the foregoing **INITIAL APPEARANCE FEE DISCLOSURE** through the Court's ECF electronic filing system, upon the following:

**GINA M. CORENA, ESQ.**
Nevada Bar No. 10330
**MAHNA POURSHABAN, ESQ.**
Nevada Bar No. 13743
**GINA CORENA & ASSOICATES**
300 S. FOURTH STREET, SUITE 1250
Las Vegas, Nevada 89101
(702) 680-1111
Facsimile (888) 987-6507
*Gina@lawofficecorena.com*
*betsy@lawofficecorena.com*
*Attorneys for Plaintiff,*
*TATIANA MARTINEZ SANTALLA*

*/s/ Maybelline Valle*
An Employee of Brandon | Smerber Law Firm

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

BRANDON | SMERBER
LAW FIRM

Electronically Filed
4/27/2022 1:37 PM
Steven D. Grierson
CLERK OF THE COURT

1  **DMJT**
   **LEW BRANDON, JR., ESQ.**
2  Nevada Bar No. 5880
   **ANDREW GUZIK, ESQ.**
3  Nevada Bar No. 12758
   **HOMERO GONZALEZ, ESQ.**
4  Nevada Bar No. 15231
5  **BRANDON | SMERBER LAW FIRM**
   139 E. Warm Springs Road
6  Las Vegas, Nevada 89119
7  (702) 380-0007 (702) 380-2964 – *facsimile*
   *l.brandon@bsnv.law*
8  *a.guzik@bsnv.law*
   *h.gonzalez@bsnvlaw.com*
9  *Attorneys for Defendant,*
   *99 CENTS ONLY STORES LLC*
10

11                     **DISTRICT COURT**
                    **CLARK COUNTY, NEVADA**
12

13  TATIANA MARTINEZ SANTALLA,
    an individually,
14
                                          CASE NO.: A-22-850979-C
15          Plaintiff,                     DEPT. NO.: 8

16  vs.

17  99 CENTS ONLY STORES LLC;          **DEMAND FOR JURY TRIAL**
    KARLA LNU; DOE PROPERTY
18  OWNER I-V; ROE PROPERTY
    OWNER I-V; DOE JANITORIAL
19  EMPLOYEE I-V; ROE JANITORIAL
    COMPANY I-V; ROE
20  MAINTENANCE COMPANY I-V;
    ROE PROPERTY MANAGEMENT
21  COMPANY IV; DOE
    MAINTENANCE WORKER I-V;
22  DOE PROPERTY MANAGER I-V;
    DOE EMPLOYEE I-V; ROE
23  EMPLOYER I-V; and ROE
    COMPANIES I-V, inclusive, jointly
24  and severally,

25
            Defendants.
26

27          COMES NOW, Defendant, 99 CENTS ONLY STORES LLC., by and through its attorney

28  of record, LEW BRANDON, JR., ESQ., ANDREW GUZIK, ESQ., and HOMERO GONZALEZ,

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007  |  F: 702.380.2964

BRANDON | SMERBER
LAW FIRM

ESQ., of BRANDON | SMERBER LAW FIRM, and hereby demands a Jury Trial in the above-entitled action.

DATED this 27th day of April 2022.

BRANDON | SMERBER LAW FIRM

*/s/ Lew Brandon, Jr. Esq.*
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
139 E. Warm Springs Road
Las Vegas, Nevada 89119
*Attorneys for Defendant,*
*99 CENTS ONLY STORES LLC*

## CERTIFICATE OF SERVICE

Pursuant to Nev. R. Civ. P. 5(b), I certify that on April 27, 2022, I served a true and correct copy of the foregoing **DEMAND FOR JURY TRIAL** through the Court's ECF electronic filing system, upon the following:

**GINA M. CORENA, ESQ.**
Nevada Bar No. 10330
**MAHNA POURSHABAN, ESQ.**
Nevada Bar No. 13743
**GINA CORENA & ASSOICATES**
300 S. FOURTH STREET, SUITE 1250
Las Vegas, Nevada 89101
(702) 680-1111
Facsimile (888) 987-6507
*Gina@lawofficecorena.com*
*betsy@lawofficecorena.com*
*Attorneys for Plaintiff,*
*TATIANA MARTINEZ SANTALLA*

*/s/ Maybelline Valle*
An Employee of Brandon | Smerber Law Firm

Electronically Filed
4/27/2022 1:37 PM
Steven D. Grierson
CLERK OF THE COURT

1  **CSRE**
   **LEW BRANDON, JR., ESQ.**
2  Nevada Bar No. 5880
   **ANDREW GUZIK, ESQ.**
3  Nevada Bar No. 12758
   **HOMERO GONZALEZ, ESQ.**
4  Nevada Bar No. 15231
   **BRANDON | SMERBER LAW FIRM**
5  139 E. Warm Springs Road
   Las Vegas, Nevada 89119
6  (702) 380-0007
   (702) 380-2964 – *facsimile*
7  *l.brandon@bsnv.law*
   *a.guzik@bsnv.law*
8  *h.gonzalez@bsnvlaw.com*
   *Attorneys for Defendant,*
9  *99 CENTS ONLY STORES LLC*

10

11                          **DISTRICT COURT**
                         **CLARK COUNTY, NEVADA**
12

13  TATIANA MARTINEZ SANTALLA, an          CASE NO.: A-22-850979-C
    individually,                          DEPT. NO.: 8
14

15          Plaintiff,

16  vs.

17  99 CENTS ONLY STORES LLC; KARLA        **CONSENT TO SERVICE BY**
    LNU; DOE PROPERTY OWNER I-V;           **ELECTRONIC MEANS**
18  ROE PROPERTY OWNER I-V; DOE            **THROUGH E-FILING**
    JANITORIAL EMPLOYEE I-V; ROE           **PROGRAM**
19  JANITORIAL COMPANY I-V; ROE
    MAINTENANCE COMPANY I-V; ROE
20  PROPERTY MANAGEMENT COMPANY
    IV; DOE MAINTENANCE WORKER I-V;
21  DOE PROPERTY MANAGER I-V; DOE
    EMPLOYEE I-V; ROE EMPLOYER I-V;
22  and ROE COMPANIES I-V, inclusive,
    jointly and severally,
23

24

25          Defendants.

26

27

28          The undersigned parties hereby consent to service of documents by electronic means through

    the Court's e-filing program on behalf of the following parties: 99 CENTS ONLY STORES LLC.

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007  |  F: 702.380.2964

BRANDON | SMERBER
LAW FIRM

Documents served by electronic means must be transmitted to the following persons at the e-mail addresses listed: l.brandon@bsnv.law; a.guzik@bsnv.law; and h.gonzalez@bsnv.law

It is my understanding that the attachments may be transmitted to the program in any format and will be converted to a PDF file before service is effected.

The undersigned also acknowledges that this Consent does not require service by electronic means unless the serving party elects to do so.

DATED this 27th day of April, 2022.

BRANDON | SMERBER LAW FIRM

/s/ Lew Brandon, Jr., Esq.
LEW BRANDON, JR., ESQ.
Nevada Bar No. 5880
ANDREW GUZIK, ESQ.
Nevada Bar No. 12758
HOMERO GONZALEZ, ESQ.
Nevada Bar No. 15231
139 E. Warm Springs Road
Las Vegas, Nevada 89119
*Attorneys for Defendant,*
*99 CENTS ONLY STORES LLC*

///
///
///
///
///
///
///
///
///
///
///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**139 E. WARM SPRINGS RD.**
**LAS VEGAS, NEVADA 89119**
**T: 702.380.0007 | F: 702.380.2964**

**BRANDON | SMERBER**
**LAW FIRM**

### CERTIFICATE OF SERVICE

Pursuant to Nev. R. Civ. P. 5(b), I certify that on April 27, 2022, I served a true and correct copy of the foregoing **CONSENT TO SERVICE BY ELECTRONIC MEANS THROUGH E-FILING PROGRAM** through the Court's ECF electronic filing system, upon the following:

**GINA M. CORENA, ESQ.**
Nevada Bar No. 10330
**MAHNA POURSHABAN, ESQ.**
Nevada Bar No. 13743
**GINA CORENA & ASSOICATES**
300 S. FOURTH STREET, SUITE 1250
Las Vegas, Nevada 89101
(702) 680-1111
Facsimile (888) 987-6507
Gina@lawofficecorena.com
betsy@lawofficecorena.com
*Attorneys for Plaintiff,*
*TATIANA MARTINEZ SANTALLA*

/s/ Maybelline Valle
An Employee of Brandon | Smerber Law Firm

Page 3 of 3

Electronically Filed
4/27/2022 1:37 PM
Steven D. Grierson
CLERK OF THE COURT

1 | **DSST**
**LEW BRANDON, JR., ESQ.**
2 | Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
3 | Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
4 | Nevada Bar No. 15231
**BRANDON | SMERBER LAW FIRM**
5 | 139 E. Warm Springs Road
6 | Las Vegas, Nevada 89119
(702) 380-0007
7 | (702) 380-2964 – *facsimile*
*l.brandon@bsnv.law*
8 | *a.guzik@bsnv.law*
*h.gonzalez@bsnvlaw.com*
9 | *Attorneys for Defendant,*
10 | *99 CENTS ONLY STORES LLC*

*(left margin, vertical text)* 139 E. WARM SPRINGS RD.  LAS VEGAS, NEVADA 89119  T: 702.380.0007 | F: 702.380.2964

**BRANDON | SMERBER LAW FIRM**

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

|  |  |
|---|---|
| TATIANA MARTINEZ SANTALLA, an individually, | CASE NO.:  A-22-850979-C<br>DEPT. NO.: 8 |
| Plaintiff, |  |
| vs. |  |
| 99 CENTS ONLY STORES LLC; KARLA LNU; DOE PROPERTY OWNER I-V; ROE PROPERTY OWNER I-V; DOE JANITORIAL EMPLOYEE I-V; ROE JANITORIAL COMPANY I-V; ROE MAINTENANCE COMPANY I-V; ROE PROPERTY MANAGEMENT COMPANY IV; DOE MAINTENANCE WORKER I-V; DOE PROPERTY MANAGER I-V; DOE EMPLOYEE I-V; ROE EMPLOYER I-V; and ROE COMPANIES I-V, inclusive, jointly and severally, | **DISCLOSURE STATEMENT**<br>**PURSUANT TO NRCP 7.1** |
| Defendants. |  |

The undersigned counsel of record for Defendant, 99 CENTS ONLY STORES LLC, hereby certifies that to their knowledge, Defendant, 99 CENTS ONLY STORES LLC, is a

limited liability company with no publicly held company owning ten percent (10%) or more of 99 CENTS ONLY STORES LLC.

There are no other known interested parties other than those identified.

DATED this 27th day of April, 2022.

BRANDON | SMERBER LAW FIRM

/s/ Lew Brandon, Jr., Esq.
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
139 E. Warm Springs Road
Las Vegas, Nevada 89119
(702) 384-8424
(702) 384-6568 - *facsimile*
*Attorneys for Defendant,*
*99 CENTS ONLY STORES LLC*

## CERTIFICATE OF SERVICE

Pursuant to Nev. R. Civ. P. 5(b), I certify that on April 27, 2022, I served a true and correct copy of the foregoing **DISCLOSURE STATEMENT PURSUANT TO NRCP 7.1** through the Court's ECF electronic filing system, upon the following:

**GINA M. CORENA, ESQ.**
Nevada Bar No. 10330
**MAHNA POURSHABAN, ESQ.**
Nevada Bar No. 13743
**GINA CORENA & ASSOICATES**
300 S. FOURTH STREET, SUITE 1250
Las Vegas, Nevada 89101
(702) 680-1111
Facsimile (888) 987-6507
Gina@lawofficecorena.com
betsy@lawofficecorena.com
*Attorneys for Plaintiff,*
*TATIANA MARTINEZ SANTALLA*

/s/ Maybelline Valle
An Employee of Brandon | Smerber Law Firm

**BRANDON | SMERBER**
**LAW FIRM**
139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

Electronically Filed
4/27/2022 1:37 PM
Steven D. Grierson
CLERK OF THE COURT

1   **REQT**
**LEW BRANDON, JR., ESQ.**
2   Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
3   Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
4   Nevada Bar No. 15231
**BRANDON | SMERBER LAW FIRM**
5   139 E. Warm Springs Road
Las Vegas, Nevada 89119
6   (702) 380-0007
(702) 380-2964 – *facsimile*
7   *l.brandon@bsnv.law*
*a.guzik@bsnv.law*
8   *h.gonzalez@bsnvlaw.com*
*Attorneys for Defendant,*
9   *99 CENTS ONLY STORES LLC*
10
11                                       **DISTRICT COURT**
                                        **CLARK COUNTY, NEVADA**
12

13   TATIANA MARTINEZ SANTALLA, an        CASE NO.: A-22-850979-C
     individually,                        DEPT. NO.: 8
14
15          Plaintiff,
16   vs.                                   **NRCP 16.1(A)(1)(C)**
                                          **REQUEST FOR**
17   99 CENTS ONLY STORES LLC; KARLA      **COMPUTATION OF**
     LNU; DOE PROPERTY OWNER I-V; ROE     **DAMAGES AND**
18   PROPERTY OWNER I-V; DOE              **DISCLOSURE OF**
     JANITORIAL EMPLOYEE I-V; ROE         **SUPPORTING DOCUMENTS**
19   JANITORIAL COMPANY I-V; ROE          **AND NRCP 16.1(a)(1)(A)(iii)**
     MAINTENANCE COMPANY I-V; ROE         **REQUEST FOR MEDICAL**
20   PROPERTY MANAGEMENT COMPANY          **PROVIDER IDENTITY**
     IV; DOE MAINTENANCE WORKER I-V;
21   DOE PROPERTY MANAGER I-V; DOE
     EMPLOYEE I-V; ROE EMPLOYER I-V;
22   and ROE COMPANIES I-V, inclusive,
     jointly and severally,
23
24
25
26          Defendants.
27          Pursuant to NRCP 16.1(a)(1)(C), Defendant, 99 CENTS ONLY STORES LLC., hereby

28   requests that Plaintiff, TATIANA MARTINEZ SANTALLA, provide, within 30 days of this

1   Request, a computation of any and all categories of damages claimed by Plaintiff, including

2   making available for inspection and copying as under Rule 34 the documents or other evidentiary

3   matter, not privileged or protected from disclosure, on which such computation is based, including

4   materials bearing on the nature and extent of injuries suffered.

5

6         DATED this 27th day of April, 2022.

7                                         **BRANDON | SMERBER LAW FIRM**

8                                         */s/ Lew Brandon, Jr., Esq.*
9                                         **LEW BRANDON, JR., ESQ.**
                                          Nevada Bar No. 5880
10                                        **ANDREW GUZIK, ESQ.**
                                          Nevada Bar No. 12758
11                                        **HOMERO GONZALEZ, ESQ.**
                                          Nevada Bar No. 15231
12                                        139 East Warm Springs Road
                                          Las Vegas, Nevada 89119
13                                        *Attorneys for Defendant,*
                                          *99 CENTS ONLY STORES LLC*
14

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

*139 E. WARM SPRINGS RD.*
*LAS VEGAS, NEVADA 89119*
*T: 702.380.0007 | F: 702.380.2964*

**BRANDON | SMERBER**
**LAW FIRM**

1

## CERTIFICATE OF SERVICE

2

Pursuant to Nev. R. Civ. P. 5(b), I certify that on April 27, 2022, I served a true and

3

correct copy of the foregoing **NRCP 16.1(A)(1)(C) REQUEST FOR COMPUTATION OF**

4

**DAMAGES AND DISCLOSURE OF SUPPORTING DOCUMENTS AND NRCP**

5

**16.1(a)(1)(A)(iii) REQUEST FOR MEDICAL PROVIDER IDENTITY** through the Court's

6

ECF electronic filing system, upon the following:

7

8

**GINA M. CORENA, ESQ.**

9

Nevada Bar No. 10330
**MAHNA POURSHABAN, ESQ.**

10

Nevada Bar No. 13743
**GINA CORENA & ASSOICATES**

11

300 S. FOURTH STREET, SUITE 1250
Las Vegas, Nevada 89101

12

(702) 680-1111
Facsimile (888) 987-6507

13

*Gina@lawofficecorena.com*

14

*betsy@lawofficecorena.com*
*Attorneys for Plaintiff,*

15

*TATIANA MARTINEZ SANTALLA*

16

17

*/s/ Maybelline Valle*

18

An Employee of Brandon | Smerber Law Firm

19

20

21

22

23

24

25

26

27

28

*(left margin, vertical text)* 139 E. WARM SPRINGS RD. LAS VEGAS, NEVADA 89119  T: 702.380.0007 | F: 702.380.2964

**BRANDON | SMERBER** LAW FIRM

Electronically Filed
5/11/2022 2:10 PM
Steven D. Grierson
CLERK OF THE COURT

**REA**
**Gina M. Corena, Esq.**
Nevada Bar No. 10330
gina@lawofficecorena.com
**Mahna Pourshaban, Esq.**
Nevada Bar No. 13743
mahna@lawofficecorena.com
**GINA CORENA & ASSOCIATES**
300 S. Fourth Street, Suite 1250
Las Vegas, Nevada 89101
Telephone: (702) 680-1111
Facsimile: (888) 987-6507
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| TATIANA MARTINEZ SANTALLA, an individual, <br><br> Plaintiff, <br><br> v. <br><br> 99 CENTS ONLY STORES LLC; KARLA LNU; DOE PROPERTY OWNER I-V; ROE PROPERTY OWNER I-V; DOE JANITORIAL EMPLOYEE I-V; ROE JANITORIAL COMPANY I-V; ROE MAINTENANCE COMPANY I-V; ROE PROPERTY MANAGEMENT COMPANY IV; DOE MAINTENANCE WORKER I-V; DOE PROPERTY MANAGER I-V; DOE EMPLOYEE I-V; ROE EMPLOYER I-V; and ROE COMPANIES I-V, inclusive, jointly and severally, <br><br> Defendants. | CASE NO.: A-22-850979-C <br><br> DEPT. NO.: 8 <br><br> **PLAINTIFF'S REQUEST FOR EXEMPTION FROM ARBITRATION** |

COMES NOW, Plaintiff TATIANA MARTINEZ SANTALLA by and through her counsel of record, Mahna Pourshaban, Esq., of the Law Offices of GINA CORENA & ASSOCIATES, and hereby requests the above-entitled matter be exempted from arbitration pursuant to Nevada Arbitration Rules 3 and 5, as this case involves an amount in excess of $50,000.00 per Plaintiff, exclusive of interest and costs.

1

1

2    1.    This case arises out of an incident on or about August 5, 2021. Plaintiff,

3   TATIANA MARTINEZ SANTALLA (hereinafter "PLAINTIFF" and/or "TATIANA") was at

4   all times relevant a guest at Defendant 99 CENTS ONLY STORES LLC (hereinafter

5   "DEFENDANTS" and/or "DEFENDANT 99 CENTS") property located at 4910 E. Tropicana

6   Ave., Las Vegas, Nevada 89121 (hereinafter "The Property"). On or about August 5, 2021, while

7   lawfully a guest at the Property, PLAINTIFF was walking when PLAINTIFF suddenly and

8   unexpectedly slipped and fell onto the floor of The Property due to an unknown liquid and/or

9   other slippery substance(s) being on the floor in the walkway. Defendants, and each of them,

10  negligently and carelessly owned, maintained, operated, occupied, and controlled said premises

11  so as to cause and allow the unknown liquid and/or other slippery substance(s) to be on the

12  walkway in an area intended for use by customers and invitees of Defendants, and Defendants

13  knew that this area was commonly and regularly used by customers and invitees of Defendants.

14  As a direct and proximate result of said injuries, Plaintiff received treatment and engaged the

15  services of physicians to care for and treat her and that said injuries have caused Plaintiff severe

16  pain and suffering, likely permanent injuries, requiring Plaintiff to seek ongoing treatment.

     PLAINTIFF TATIANA MARTINEZ SANTALLA suffered bodily injuries as a result of

17  the subject incident and has incurred the following damages:

18

| PROVIDER | AMOUNT |
| --- | --- |
| Shield Radiology Consultants | $420.00 |
| Affinity Surgery Center | $47,200.00 |
| Surgical Arts Center | $10,891.32 |
| Jackson Physical Therapy | $7,460.00 |
| Relevium Pain Specialists | $7,454.00 |
| Desert Springs Hospital | $6,501.00 |
| Spinal Rehabilitation Center | $5,940.00 |
| Pueblo Medical Imaging | $4,950.00 |
| Las Vegas Pharmacy | $4,087.55 |
| Shadow Emergency Physicians | $1,335.00 |
| Bernard Ong, M.D. | $1,014.00 |
| Desert Radiology Solutions | $572.00 |
| **TOTAL MEDICAL SPECIALS TO DATE** | **$97,824.87** |
| Future Recommendation: Knee arthroscopy, meniscus and cartilage surgery | $61,000.00 |

2

| Bilateral Lumbar Injection Paravert Joint/2nd Level | $13,369.00 - $14,369.00 |
|---|---|
| **TOTAL FUTURE MEDICAL SPECIALS TO DATE** | **$74,369.00 - $75,369.00** |
| Plaintiff's Pain and Suffering Damages | To Be Determined |
| **TOTAL COMPUTATION OF DAMAGES TO DATE** | **$172,193.87 - $173,193.87** |

Because liability is solely against Defendants, Plaintiff alleges that said Defendants were the cause of Plaintiff's injuries. Clearly, the value of Plaintiff's damages exceeds the $50,000.00 threshold and the matter should be exempted from Arbitration.

I hereby certify pursuant to N.R.C.P. 11 this case to be within the exemption(s) marked above and am aware of the sanctions which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

I further certify pursuant to NRS Chapter 239B and NRS 603A.040 that this document and any attachments thereto do not contain personal information including, without limitation, home address/phone number, social security number, driver's license number or identification card number, account number, PIN numbers, credit card number or debit card number, in combination with any required security code, access code or password that would permit access to the person's financial account.

**DATED** this 11th of May, 2022.

GINA CORENA & ASSOCIATES


   */s/ Mahna Pourshaban*
**Gina M. Corena, Esq.**
Nevada Bar No. 10330
**Mahna Pourshaban, Esq.**
Nevada Bar No. 13743
300 S. Fourth Street, Suite 1250
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

3

## CERTIFICATE OF E-SERVICE

Pursuant to NEFR 9, NRCP 5(b) and EDCR 7.26, I certify that on the 11th day of May, 2022, I served the foregoing **PLAINTIFF'S REQUEST FOR EXEMPTION FROM ARBITRATION** on the following parties by electronic transmission through Odyssey e-File Nevada:

**BRANDON | SMERBER LAW FIRM**
**Lew Brandon, Jr., Esq.**
139 E. Warm Springs Road
Las Vegas, Nevada 89119
*Attorney for Defendant 99 Cents Only Stores, LLC*

_____
      */s/ Eva G. Rodriguez-Dhimi*
An employee of **GINA CORENA & ASSOCIATES**

1.

4

Electronically Filed
5/16/2022 11:06 AM
Steven D. Grierson
CLERK OF THE COURT

1    **NEOJ**
    **LEW BRANDON, JR., ESQ.**
2    Nevada Bar No. 5880
    **ANDREW R. GUZIK, ESQ.**
3    Nevada Bar No. 12758
    **HOMERO GONZALEZ, ESQ.**
4    Nevada Bar No. 15231
    **BRANDON | SMERBER LAW FIRM**
5    139 East Warm Springs Road
    Las Vegas, Nevada 89119
6    Office (702) 380-0007/Fax (702) 380-2964
7    l.brandon@bsnv.law
8    a.guzik@bsnv.law
    h.gonzalez@bsnv.law
9    *Attorneys for Defendant,*
    *99 CENTS ONLY STORES, LLC.*
10

11                      **DISTRICT COURT**
                  **CLARK COUNTY, NEVADA**
12

13    TATIANA MARTINEZ SANTALLA, an
    individually,
14

15            Plaintiff,

16    vs.

17    99 CENTS ONLY STORES LLC; KARLA
    LNU; DOE PROPERTY OWNER I-V; ROE
18    PROPERTY OWNER I-V; DOE
19    JANITORIAL EMPLOYEE I-V; ROE
    JANITORIAL COMPANY I-V; ROE
20    MAINTENANCE COMPANY I-V; ROE
    PROPERTY MANAGEMENT COMPANY
21    IV; DOE MAINTENANCE WORKER I-V;
    DOE PROPERTY MANAGER I-V; DOE
22    EMPLOYEE I-V; ROE EMPLOYER I-V;
23    and ROE COMPANIES I-V, inclusive,
    jointly and severally
24           Defendants.

CASE NO.:  A-22-850979-C
DEPT. NO.: 8

25                **NOTICE OF ENTRY OF ORDER**

26

27        YOU, AND EACH OF YOU will please take notice that on May 5th, 2022, a Stipulation

28    and Order was entered in the above-entitled matter by the Honorable District Court Judge.

*Left margin:* BRANDON | SMERBER LAW FIRM — 139 E. WARM SPRINGS RD. LAS VEGAS, NEVADA 89119 — T: 702.380.0007 | F: 702.380.2964

*Tatiana Martinez Santalla v. 99 Cents Only Stores, LLC.*
*Case No. A-22-850979-C*

A filed copy is attached hereto.

DATED this 16th day of May, 2022.

**BRANDON | SMERBER LAW FIRM**

*/s/ Lew Brandon, Jr., Esq.*
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW R GUZIK, ESQ.**
Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
139 E. Warm Springs Road
Las Vegas, Nevada 89119
(702) 380-0004
(702) 380-2964 – *facsimile*
l.brandon@bsnv.law
a.guzik@bsnv.law
h.gonzalez@bsnv.law
*Attorney for Defendant,*
*99 CENTS ONLY STORES, LLC.*

///
///
///
///
///
///
///
///
///
///

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I hereby certify that on May 16, 2022, I served the foregoing **NOTICE OF ENTRY OF ORDER** via the Court's electronic filing and service systems to all parties on the current service list.

**GINA M. CORENA, ESQ.**
Nevada Bar No. 10330
**MAHNA POURSHABAN, ESQ.**
Nevada Bar No. 13743
**GINA CORENA & ASSOICATES**
300 S. FOURTH STREET, SUITE 1250
Las Vegas, Nevada 89101
(702) 680-1111
Facsimile (888) 987-6507
*Gina@lawofficecorena.com*
*betsy@lawofficecorena.com*
*Attorneys for Plaintiff,*
*TATIANA MARTINEZ SANTALLA*

/s/ Maybelline Valle
Employee of BRANDON | SMERBER LAW FIRM

BRANDON | SMERBER
LAW FIRM
139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2961

Electronically Filed
05/05/2022 6:18 PM
*[signature]*
CLERK OF THE COURT

1    **SAO**
     **LEW BRANDON, JR., ESQ.**
2    Nevada Bar No. 5880
     **ANDREW GUZIK, ESQ.**
3    Nevada Bar No. 12758
     **HOMERO GONZALEZ, ESQ.**
4    Nevada Bar No. 15231
     **BRANDON | SMERBER LAW FIRM**
5    139 E. Warm Springs Road
     Las Vegas, Nevada 89119
6    (702) 380-0007
     (702) 380-2964 – *facsimile*
7    *l.brandon@bsnv.law*
     *a.guzik@bsnv.law*
8    *h.gonzalez@bsnvlaw.com*
9    *Attorneys for Defendant,*
     *99 CENTS ONLY STORES LLC*
10
11
                           **DISTRICT COURT**
12
                      **CLARK COUNTY, NEVADA**
13

14   TATIANA MARTINEZ SANTALLA, an
     individually,                              CASE NO.:  A-22-850979-C
15                                              DEPT. NO.: 8
16              Plaintiff,

17   vs.
                                                **STIPULATION AND ORDER**
18   99 CENTS ONLY STORES LLC; KARLA LNU;       **TO DISMISS PLAINTIFF'S**
     DOE PROPERTY OWNER I-V; ROE                **PUNITIVE DAMAGE CLAIM**
19   PROPERTY OWNER I-V; DOE JANITORIAL         **WITHOUT PREJUDICE**
     EMPLOYEE I-V; ROE JANITORIAL
20   COMPANY I-V; ROE MAINTENANCE
     COMPANY I-V; ROE PROPERTY
21   MANAGEMENT COMPANY IV; DOE
     MAINTENANCE WORKER I-V; DOE
22   PROPERTY MANAGER I-V; DOE EMPLOYEE
     I-V; ROE EMPLOYER I-V; and ROE
23   COMPANIES I-V, inclusive, jointly and severally
24   Defendants.
25
26        IT IS HEREBY STIPULATED AND AGREED TO by LEW BRANDON, JR., ESQ.,

27   ANDREW GUZIK, ESQ., and HOMERO GONZALEZ, ESQ., of BRANDON | SMERBER

28   LAW FIRM, on behalf of Defendant, 99 CENTS ONLY STORES LLC., INC., and GINA M

*[Left margin vertical text:]* BRANDON | SMERBER LAW FIRM   139 E. WARM SPRINGS RD.   LAS VEGAS, NEVADA 89119   T: 702.380.0007  |  F: 702.380.2964

CORENA, ESQ., and MAHNA POURSHABAN, ESQ., of GINA CORENA & ASSOCIATES, on behalf of Plaintiff, TATIANA MARTINEZ SANTALLA, that the punitive damages claim be dismissed without prejudice in the above-entitled matter.

IT IS FURTHER STIPULATED AND AGREED TO that should discovery reveal that 99 CENTS ONLY STORES, LLC. had any punitive damages behavior in any way in the subject incident, Plaintiff may amend her Complaint to include punitive damages back into this lawsuit prior to the end of discovery.  Further, any such amendment will relate back to the filing of the original Complaint for all purposed, including the statute of limitations.

DATED this 2nd day of May, 2022.                DATED this 2nd day of May, 2022.

**GINA CORNA & ASSOCIATES**              **BRANDON | SMERBER LAW FIRM**

/s/ Mahna Pourshaban, Esq.                      /s/ Lew Brandon, Jr., Esq.

**GINA M. CORENA, ESQ.**                    **LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880                             Nevada Bar No. 5880
**MAHNA POURSHABAN, ESQ.**            **ANDREW GUZIK, ESQ.**
Nevada Bar No. 13743                            Nevada Bar No. 12758
300 S. Fourth Street, Suite 1250               **HOMERO GONZALEZ, ESQ.**
Las Vegas, NV 89101                             Nevada Bar No. 15231
*Attorney for Plaintiff,*                          139 E. Warm Springs Rd.
*TATIANA MARTINEZ SANTALLA*           Las Vegas, NV 89119
                                                *Attorneys for Defendant,*
                                                *99 CENTS ONLY STORES, LLC*

_CASE NO.: A-20-818029-C_
_TATIANA MARTINEZ SANTALLA V. 99 CENTS ONLY STORES, LLC._

**IT IS SO ORDERED** that the punitive damages claim be dismissed without prejudice in

the above-entitled matter.

**IT IS FURTHER ORDERED** that should discovery reveal that 99 CENTS ONLY
acted with oppression, fraud or malice, express or implied
STORES, LLC., ~~had any punitive damages behavior~~ in any way in the subject incident, Plaintiff

may amend her Complaint to include punitive damages back into this lawsuit prior to the end of

discovery.  Further, any such amendment will relate back to the filing of the original Complaint

for all purposes, including the statute of limitations.

DATED this ____ day of _____, 2022.

**Dated this 5th day of May, 2022**

_Jessica K Peterso_

**HONORABLE DISTRICT COURT JUDGE**
**JESSICA K. PETERSON, DEPARTMENT 8**

**1C9 597 B0E6 47F1**
**Jessica K. Peterson**
**District Court Judge**

_Respectfully submitted by:_

**BRANDON | SMERBER LAW FIRM**

_/s/ Lew Brandon, Jr., Esq._
**LEW BRANDON, JR., ESQ.**
Nevada Bar No. 5880
**ANDREW GUZIK, ESQ.**
Nevada Bar No. 12758
**HOMERO GONZALEZ, ESQ.**
Nevada Bar No. 15231
139 E. Warm Springs Rd.
Las Vegas, NV 89119
_Attorneys for Defendant,_
_99 CENTS ONLY STORES, LLC_

BRANDON | SMERBER
LAW FIRM

139 E. WARM SPRINGS RD.
LAS VEGAS, NEVADA 89119
T: 702.380.0007 | F: 702.380.2964

## Maybelline Valle

| | |
|---|---|
| **From:** | Mahna Pourshaban <Mahna@lawofficecorena.com> |
| **Sent:** | Monday, May 2, 2022 9:14 AM |
| **To:** | Maybelline Valle; Gina Corena |
| **Cc:** | Betsy Jefferis; Lewis Brandon; Andrew Guzik; Homero Gonzalez; April Rufus; Eva Rodriguez Dhimi |
| **Subject:** | RE: 99 CENTS ONLY STORES, LLC. ADV. TATIANA MARTINEZ SANTALLA / CASE NO.: A-22-850979-C / CLAIM NO.: 189589460-001 / CUSA CLAIM NO.: 2021-CUSA-000132-47 / RE: SAO TO DISMISS PUNITIVE DAMAGES |

Hi Maybelline,

You have permission to affix my e-signature on the SAO to dismiss punitive damages without prejudice.

Thank you!

Best regards,



**MAHNA POURSHABAN**
*Litigation Attorney for Gina Corena & Associates*
300 S. 4th Street, Suite 1250
Las Vegas, NV  89101
T:  (702) 331-2595
F:  (888) 897-6507
mahna@lawofficecorena.com

NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. The Information herein is confidential, privileged and exempt from disclosure under applicable law. This E-mail (including attachments) are intended solely for the use of the addressee hereof. If you are not the intended recipient of this message, you are prohibited from reading, disclosing, reproducing, distributing, disseminating, or otherwise using this transmission. The originator of this e-mail and its affiliates do not represent, warrant or guarantee that the integrity of this communication has been maintained or that this communication is free of errors, viruses or other defects. Delivery of this message or any portions herein to any person other than the intended recipient is not intended to waive any right or privilege. If you have received this message in error, please promptly notify the sender by e-mail and immediately delete this message from your system.

**From:** Maybelline Valle <M.Valle@bsnv.law>
**Sent:** Wednesday, April 27, 2022 8:24 AM
**To:** Gina Corena <gina@lawofficecorena.com>
**Cc:** Betsy Jefferis <Betsy@lawofficecorena.com>; Lewis Brandon <l.brandon@bsnv.law>; Andrew Guzik <a.guzik@bsnv.law>; Homero Gonzalez <H.Gonzalez@bsnv.law>; April Rufus <a.rufus@bsnv.law>
**Subject:** 99 CENTS ONLY STORES, LLC. ADV. TATIANA MARTINEZ SANTALLA / CASE NO.: A-22-850979-C / CLAIM NO.: 189589460-001 / CUSA CLAIM NO.: 2021-CUSA-000132-47 / RE: SAO TO DISMISS PUNITIVE DAMAGES

Dear Ms. Corena,

Attached please find a copy of the Stipulation and Order to Dismiss Plaintiff's Punitive Damage Claim Without Prejudice in the above-captioned matter. Should you have any questions, please feel free to contact us.

Best Regards,

**_Maybelline Valle_**, Legal Assistant to
Lew Brandon, Jr. Esq.
Andrew Guzik, Esq.
Homero Gonzalez, Esq.
Sara Pasquale, Esq.
**BRANDON | SMERBER LAW FIRM**
139 E. Warm Springs Rd.
Las Vegas, NV 89119
Tel: 702-380-0007
Fax: 702-380-2964

The information contained in the electronic message is legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above.  If the recipient of this message is not the above-named intended recipient, you are hereby notified that any dissemination, copy or disclosure of this communication is strictly prohibited.  If you have received this communication in error, please notify Brandon | Smerber Law Firm at (702) 380-0007 and permanently delete the communication immediately without making any copy or distribution.

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

Tatiana Martinez Santalla,
Plaintiff(s)

vs.

99 Cents Only Stores LLC,
Defendant(s)

CASE NO: A-22-850979-C

DEPT. NO.  Department 8

### AUTOMATED CERTIFICATE OF SERVICE

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Certificate of Disposal of Exhibits was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 5/5/2022

| Gina Corena | gina@lawofficecorena.com |
| Mahna Pourshaban, Esq. | Mahna@lawofficecorena.com |
| Betsy Jefferis | betsy@lawofficecorena.com |
| Real Jumao-as | realj@lawofficecorena.com |
| Edith Montano | edith@lawofficecorena.com |
| Eva Rodriguez-Dhimi | eva@lawofficecorena.com |